IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

SIMEON VINCENT,

              PLAINTIFF,

 -versus-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES 1-9," NEW YORK CITY POLICE
OFFICER "KWAN,"

              DEFENDANTS.

_____

INDEX NO.   12CV5390 (NRB)

ECF CASE

COMPLAINT
[JURY TRIAL DEMANDED]

1. Plaintiff SIMEON VINCENT, by his attorneys, STECKLOW, COHEN AND THOMPSON, complaining of the defendants, respectfully allege as follows:

## PRELMINARY STATEMENT

2. Plaintiff SIMEON VINCENT brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

3. On June 22, 2011 at or around 1:15 P.M., Plaintiff SIMEON VINCENT received a call from his grandmother, telling him to come home immediately due to an emergency.  Upon arriving at his home, Plaintiff SIMEON VINCENT observed several Defendant "JOHN DOE" POLICE OFFICERS in and around his house, and learned that his brother was being arrested.  Plaintiff SIMEON VINCENT stood smoking a cigarette in his yard until he was approached by a Defendant "JOHN DOE" POLICE OFFICER, who told him to extinguish his cigarette. Plaintiff SIMEON VINCENT declined to do so, stating in sum and substance that it was his yard and he would smoke in his yard if he wanted to.  In immediate response, the Defendant "JOHN DOE" POLICE OFFICER pushed Plaintiff SIMEON VINCENT, causing Plaintiff SIMEON VINCENT to thrust his arms out in a desperate attempt to keep his balance.  In the process, Plaintiff SIMEON VINCENT brushed the Defendant "JOHN DOE" POLICE OFFICER who immediately declared "That's Assault!" and began to punch, choke and strike the unresisting Plaintiff SIMEON VINCENT, who did his best to passively block the rain of blows.  Several other Defendant "JOHN DOE" POLICE OFFICERS present did nothing to protect Plaintiff SIMEON VINCENT, and in fact cheered on

    the Defendant "JOHN DOE" POLICE OFFICER who was assaulting SIMEON VINCENT.  At length, the Defendant "JOHN DOE" POLICE OFFICERS handcuffed Plaintiff SIMEON VINCENT and transported him to a precinct, denying his repeated requests for medical treatment.  Plaintiff SIMEON VINCENT did not receive treatment for his injuries until the following morning, and all charges against him were resolved with an Adjournment in Contemplation of Dismissal at arraignment the following afternoon.  Plaintiff SIMEON VINCENT brings this action in a quest for answers as to why he was punitively arrested without probable cause and brutally beaten in his own backyard.

4. In compliance with the Southern District's "PLAN FOR CERTAIN § 1983 CASES AGAINST THE CITY OF NEW YORK," attached hereto as **Exhibit "A"** is an executed §160.50 release for the Plaintiff.

5. In compliance with the Southern District's "PLAN FOR CERTAIN § 1983 CASES AGAINST THE CITY OF NEW YORK," attached hereto as **Exhibit "B"** are executed medical records releases for the Plaintiff.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C.§§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

7. Plaintiff SIMEON VINCENT further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

8. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because Defendant CITY OF NEW YORK maintains its primary and relevant place(s) of business in this district.

## JURY DEMAND

9. Plaintiff SIMEON VINCENT respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

10. At all times pertinent to this complaint, Plaintiff SIMEON VINCENT is and was a resident of the City of New York, State of New York, and the County of Queens.

11. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13. That at all times hereinafter mentioned, the Defendant Police Officers "JOHN DOES 1-9" (collectively "Defendant POLICE OFFICERS" or individually "Defendant POLICE OFFICER") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. The identities of the Defendant "John Does POLICE OFFICERS at issue here are unknown to Plaintiff SIMEON VINCENT at this time.

15. Plaintiff SIMEON VINCENT will amend this complaint to name the Defendant POLICE OFFICERS as their identities become available to Plaintiff SIMEON VINCENT.

16. That at all times hereinafter mentioned the Defendant "John Doe" POLICE OFFICERS were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

17. Each and all of the acts of the Defendant "John Doe" POLICE OFFICERS alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

18. Each and all of the acts of the Defendant "John Doe" POLICE OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS COMMON TO ALL CLAIMS

19. Plaintiff SIMEON VINCENT is a twenty-eight (28) year-old male.

20. Plaintiff SIMEON VINCENT is single.

21. Plaintiff SIMEON VINCENT is a carpenter by profession.

22. Plaintiff SIMEON VINCENT had no criminal record prior to his detention on June 6, 2011 for this incident.

23. Plaintiff SIMEON VINCENT was involved in a car accident a few months before the incident described herein.

24. Following the car accident, Plaintiff SIMEON VINCENT underwent knee surgery.

25. On information and belief, Plaintiff SIMEON VINCENT was recovering well from his surgery through a rigorous physical therapy regimen.

26. On information and belief, Plaintiff SIMEON VINCENT had been unable to work as a carpenter, due to his accident, but was putting considerable effort into his recovery so that he could return to his profession.

27. Plaintiff SIMEON VINCENT lives with his grandmother and stepbrother.

28. Plaintiff SIMEON VINCENT helped support his family financially and they relied on his ability to work to meet their basic needs.

29. On the afternoon of June 22, 2011, at or around 1:15PM, Plaintiff SIMEON VINCENT received a phone call from him grandmother.

30. Plaintiff SIMEON VINCENT'S grandmother called asking for his help.  Plaintiff SIMEON VINCENT'S stepbrother was upset and his grandmother did not know what to do.

31. At or around 1:30PM, Plaintiff SIMEON VINCENT arrived home to find his distraught stepbrother waiting for him in the front yard.

32. Plaintiff SIMEON VINCENT was told by his brother that their downstairs neighbor had threatened him with a knife.

33. As Plaintiff SIMEON VINCENT conversed with his brother in front of their home in Queens, New York on June 22, 2011 at or around 1:30PM, several uniformed police officers entered his yard.

34. Upon information and belief, the police officers spoke to Plaintiff SIMEON VINCENT'S downstairs neighbor who claimed that Plaintiff's stepbrother was the aggressor and that he threatened the neighbor with a knife.

35. While the police officers questioned Plaintiff SIMEON VINCENT'S neighbor, Plaintiff SIMEON VINCENT returned to his yard to smoke a cigarette.

36. At that time, one of the Defendant "John Doe" POLICE OFFICERS approached Plaintiff SIMEON VINCENT in an aggressive and angry manner.

37. Defendant "John Doe" POLICE OFFICER commanded Plaintiff SIMEON VINCENT to put out his cigarette.

38. Plaintiff SIMEON VINCENT was startled by Defendant "John Doe" POLICE OFFICER'S conduct and demeanor.

39. Plaintiff SIMEON VINCENT tried to explain to Defendant "John Doe" POLICE OFFICER, that he was allowed to smoke in his own yard.

40. In response, Defendant "John Doe" POLICE OFFICER pushed Plaintiff SIMEON VINCENT to the ground.

41. Plaintiff SIMEON VINCENT was still in the process of recovering from his knee surgery.

42. The force of Defendant "John Doe" POLICE OFFICER'S shove caused Plaintiff SIMEON VINCENT to lose his footing.

43. Plaintiff SIMEON VINCENT hit the ground hard because of the force of Defendant "John Doe" POLICE OFFICER'S shove.

44. Before falling, Plaintiff SIMEON VINCENT gesticulated wildly in an attempt to balance himself before hitting the ground.

45. In Plaintiff SIMEON VINCENT'S attempt to balance himself he may have accidently brushed Defendant "John Doe" POLICE OFFICER'S arm.

46. Defendant "John Doe" POLICE OFFICER, screamed "That's assault!" and attacked Plaintiff SIMEON VINCENT.

47. Defendant "John Doe" POLICE OFFICER grabbed Plaintiff SIMEON VINCENT.

48. Defendant "John Doe" POLICE OFFICER held Plaintiff SIMEON VINCENT against his jeep by his throat.

49. Plaintiff SIMEON VINCENT was held up against his jeep, by his throat, by Defendant "John Doe" POLICE OFFICER.

50. Plaintiff SIMEON VINCENT did not attempt to resist the Defendant "John Doe" POLICE OFFICER'S vicious attack in anyway.

51. Defendant "John Doe" POLICE OFFICER proceeded to grab Plaintiff SIMEON VINCENT by his hair and began punching him.

52. Plaintiff SIMEON VINCENT did not attempt to resist the Defendant "John Doe" POLICE OFFICER 1'S unprovoked attack in anyway.

53. While Defendant "John Doe" POLICE OFFICER 1 beat Plaintiff SIMEON VINCENT, several other Defendant "John Doe" POLICE OFFICERS stood nearby jeering, cursing and encouraging Defendant "John Doe" POLICE OFFICER'S attack.

54. Defendant "John Doe" POLICE OFFICER 1 then slammed Plaintiff SIMEON VINCENT into the ground, put a knee on his head, and gleefully yelled, "Stop resisting!"

55. Defendant "John Doe" POLICE OFFICER 1 continued to beat Plaintiff SIMEON VINCENT.

56. Defendant "John Doe" POLICE OFFICERS continued to watch and cheer on the attack on Plaintiff SIMEON VINCENT.

57. Plaintiff SIMEON VINCENT continued to take this abuse without resisting but began to scream in pain, trying to explain to the officers that he had just had surgery.

58. Plaintiff SIMEON VINCENT was injured and bleeding when the Defendant "John Doe" POLICE OFFICER finally put handcuffs on him.

59. Plaintiff SIMEON VINCENT was then grabbed bodily and pushed into a police van by several Defendant "John Doe" POLICE OFFICERS.

60. In the van, Plaintiff SIMEON VINCENT asked several Defendant "John Doe" POLICE OFFICERS for medical attention.

61. Defendant "John Doe" POLICE OFFICER derisively responded, "You don't need no medical attention."

62. Plaintiff SIMEON VINCENT was taken to the station and held in a cell.

63. In the station, Plaintiff SIMEON VINCENT once again requested medical attention.

64. At or around 3:30PM, Defendant NEW YORK CITY POLICE OFFICER "KWAN" came to Plaintiff SIMEON VINCENT'S cell and said, in sum, that due to the poor weather conditions bringing him to the hospital would take too long and that he should just wait for Emergency Medical Services in Central Booking.

65. Plaintiff SIMEON VINCENT maintained that he was in a lot of pain and needed to go to the hospital immediately.

66. Defendant NEW YORK CITY POLICE OFFICER "KWAN" brought an arrest report to Plaintiff SIMEON VINCENT.

67. Plaintiff SIMEON VINCENT refused to sign the arrest report.

68. Defendant NEW YORK CITY POLICE OFFICER "KWAN" stated in sum and substance, "Sign it and we'll get you medical treatment."

69. Plaintiff SIMEON VINCENT continued to refuse to sign the arrest report.

70. Four (4) hours later, at or around 7:30PM, Plaintiff SIMEON VINCENT once again requested medical attention.

71. Plaintiff SIMEON VINCENT was not given medical attention until 5:00AM the next morning, June 23, 2011, when he was taken to Queens General Hospital.

72. At or around 5:00PM, June 23, 2011, Plaintiff SIMEON VINCENT was arraigned.

73. On information and belief, Plaintiff SIMEON VINCENT was charged with Obstruction of Governmental Administration in the Second Degree, a class A Misdemeanor.

74. On information and belief, Plaintiff SIMEON VINCENT was charged with Resisting Arrest, a class A Misdemeanor.

75. On information and belief, Plaintiff SIMEON VINCENT was charged with Disorderly Conduct, a violation.

76. Plaintiff SIMEON VINCENT'S case was Adjourned in Contemplation of Dismissal at arraignment, on motion of the District Attorney.

77. Information supporting the existence of the above-referenced abuses of "stop and frisk" are pled in detail below, in the appendix hereto titled .

78. Plaintiff SIMEON VINCENT was prescribed pain-killers and anti-inflammatory medicines as a result of the pain and swelling he suffered from his injuries sustained in the brutal beating administered by Defendants "John Doe" POLICE OFFICERS.

79. At the time of the June 6, 2011 Queens, New York incident and brutal beating administered by Defendants "John Doe" POLICE OFFICERS, Plaintiff SIMEON VINCENT did not have any warrants outstanding for his arrest.

80. At the time of the June 6, 2011 Queens, New York incident and brutal beating administered by Defendants "John Doe" POLICE OFFICERS, Plaintiff SIMEON VINCENT was not carrying a weapon of any sort.

81. At the time of the June 6, 2011 Queens, New York incident and brutal beating administered by Defendants "John Doe" POLICE OFFICERS, Plaintiff SIMEON VINCENT was not carrying any illegal substances.

82. At the time of the June 6, 2011 Queens, New York incident and brutal beating administered by Defendants "John Doe" POLICE OFFICERS, Plaintiff SIMEON VINCENT was not engaged in any illegal activity of any kind.

83. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by the aforesaid custom or practice of charging individuals with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration for personal vindication and/or as pretexts to justify use of force, and/or to justify punitive false arrests because they were undertaken in a manner which indicated that the individual Defendant Police Officers who participated in Plaintiff SIMEON VINCENT's arrest made the determination to arrest Plaintiff SIMEON VINCENT before determining why Plaintiff SIMEON VINCENT should be arrested.

84. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by the aforesaid custom or practice of charging individuals with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration for personal vindication and/or as pretexts to justify use of force, and/or to justify punitive false arrests, because the Defendant Police Officers arrested Plaintiff SIMEON VINCENT after it was already established that Plaintiff SIMEON VINCENT was not carrying any weapons or illegal substances, and did not have any outstanding warrants against him, but after Plaintiff SIMEON VINCENT had been seized and brutally beaten by the Defendant Police Officers.

85. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because they were undertaken in the absence of probable cause to arrest.

86. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because it was undertaken in a manner which indicated that the individual Defendant Officers who participated in Plaintiff SIMEON VINCENT's arrest made the determination to arrest Plaintiff SIMEON VINCENT before determining why Plaintiff SIMEON VINCENT should be arrested.

87. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because Plaintiff SIMEON VINCENT was arrested after it was already established that he was not carrying any weapons or illegal substances, did not have any outstanding warrants against him, and was not engaged in illegal conduct of any kind just before the time of his arrest.

88. As a result of the forgoing, Plaintiff SIMEON VINCENT sustained, *inter alia*, mental injuries, emotional distress, embarrassment, loss of property, physical injuries, damage of property, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

89. Plaintiff SIMEON VINCENT repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

90. All of the aforementioned acts of the Defendant CITY and Defendant "John Doe" POLICE OFFICERS, their agents, servants and employees, were carried out under the color of state law.

91. All of the aforementioned acts deprived Plaintiff SIMEON VINCENT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

92. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

93. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

94. The Defendant "John Doe" POLICE OFFICERS and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

95. Further information regarding the existence of the aforesaid constitutionally-violative customs, policies and practices of Defendant CITY OF NEW YORK and its police officers, as well as of Defendant CITY OF NEW YORK's knowledge of same and Defendant CITY OF NEW YORK's failures to address same are set forth in the appendix to this complaint.

96. As a result of the above constitutionally impermissible conduct, Plaintiff SIMEON VINCENT was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

97. As a result of Defendants' impermissible conduct, Plaintiff SIMEON VINCENT demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

98. Plaintiff SIMEON VINCENT repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99. As a result of the aforesaid conduct by Defendants, Plaintiff SIMEON VINCENT was subjected to an illegal, improper and false arrest by the Defendants "John Doe" Police Officers and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

100. As a result of the above constitutionally impermissible conduct, Plaintiff SIMEON VINCENT was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

101. As a result of Defendants' impermissible conduct, Plaintiff SIMEON VINCENT demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

102. Plaintiff SIMEON VINCENT repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

103.   The Defendant "John Doe" POLICE OFFICERS and Defendant CITY OF NEW YORK had an affirmative duty to intervene on Plaintiff SIMEON VINCENT'S behalf to prevent the above-referred violations of their constitutional rights.

104.   The individual Defendant "John Doe" POLICE OFFICERS failed to intervene on Plaintiff SIMEON VINCENT'S behalf to prevent the violation of his constitutional rights despite having had realistic opportunities to do so.

105.   The individual Defendant "John Doe" POLICE OFFICERS failed to intervene on Plaintiff SIMEON VINCENT's behalf to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which Plaintiff SIMEON VINCENT's rights were violated by their affirmative conduct.

106.   As a result of the aforementioned conduct of the individual defendants, Plaintiff SIMEON VINCENT'S constitutional rights were violated.

107.   As a result of the above constitutionally impermissible conduct, Plaintiff SIMEON VINCENT was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

108.   As a result of Defendants' impermissible conduct, Plaintiff SIMEON VINCENT demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

109.   Plaintiff SIMEON VINCENT repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

110.   Defendant "John Doe" POLICE OFFICERS administered a brutal beating upon Plaintiff SIMEON VINCENT in the absence of need for such action and force.

111.   Defendant "John Doe" POLICE OFFICERS hit, beat, kicked and subjected Plaintiff SIMEON VINCENT to several physically aggressive maneuvers without Defendants identifying a requisite need for such action and force.

112. On orders of one or more senior Defendant "John Doe" POLICE OFFICERS, police kept Plaintiff SIMEON VINCENT in custody overnight before releasing him with no charges and a veiled threat to not report their crimes.

113. On orders of one or more senior Defendant "John Doe" POLICE OFFICERS, police officers kept Plaintiff SIMEON VINCENT at the fourty-fourth (44th) Precinct intimidating him into refusing medical treatment.

114. The level of force employed by Defendant "John Doe" Police Officers against Plaintiff SIMEON VINCENT was objectively unreasonable.

115. The force employed by Defendant "John Doe" Police Officers against Plaintiff SIMEON VINCENT did not advance any proper government objective.

116. As a result of the aforementioned conduct of defendants, Plaintiff SIMEON VINCENT was subjected to excessive force and sustained physical injuries.

117. As a result of the above constitutionally impermissible conduct, Plaintiff SIMEON VINCENT was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

118. As a result of Defendants' impermissible conduct, Plaintiff SIMEON VINCENT demands judgment against Defendants in a sum of money to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER *MONELL*

119. Plaintiff SIMEON VINCENT repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

120. Plaintiff also incorporates herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

121. Defendants used excessive force on Plaintiff SIMEON VINCENT in the absence of any evidence of criminal wrongdoing or other justification for the use of such force, notwithstanding their knowledge that said uses of force were unreasonable, unjustified, and would jeopardize Plaintiff SIMEON VINCENT's liberty, well-being, safety and constitutional rights.

122. Defendants arrested and incarcerated Plaintiff SIMEON VINCENT in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff SIMEON VINCENT'S liberty, well-being, safety and constitutional rights.

123. The acts complained of were carried out by the aforementioned individual Defendant "John Doe" POLICE OFFICERS in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

124. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

125. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. the continuing practice or custom of New York City Police Officers utilizing disproportionate force in a punitive, retaliatory or otherwise wrongful manner in interactions with civilians generally;
   b. the continuing practice or custom of New York City Police Officers utilizing disproportionate force in a punitive, retaliatory or otherwise wrongful manner in interactions with minorities;
   c. the continuing practice or custom of New York City Police Officers wrongfully arresting individuals without conducting investigations sufficient to ascertain whether there is probable cause to arrest said persons;
   d. the continuing practice or custom of New York City Police Officers wrongfully arresting minority individuals without conducting investigations sufficient to ascertain whether there is probable cause to arrest said persons;
   e. the continuing practice of failing to properly screen, supervise, discipline, transfer, counsel, or otherwise control police officers engaged in the excessive use of force or in warrantless or otherwise unconstitutional arrests or otherwise impermissible violations of individuals' constitutional rights, particularly with respect to officers who are repeatedly accused of such acts;
   f. the custom or practice of members of the New York City Police Department known as the "Blue Wall of Silence," wherein members of the New York City Police Department intentionally and willfully fail to cooperate with investigations into the misconduct or corrupt activities of their fellow officers, a practice which leads New York City Police Officers to regularly condone and cover up police abuse of power by telling false and incomplete stories.

126. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department evince deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff SIMEON VINCENT.

127. As a result of the above constitutionally impermissible conduct, Plaintiff SIMEON VINCENT was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

128. As a result of Defendants' impermissible conduct, Plaintiff SIMEON VINCENT demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

129. Plaintiff SIMEON VINCENT repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

130. Plaintiff also incorporates herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

131. At all times described herein, Plaintiff SIMEON VINCENT was possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

132. Defendant "John Doe" POLICE OFFICERS arrested and incarcerated Plaintiff SIMEON VINCENT in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

133. The acts complained of were carried out by the aforementioned individual Defendant "John Doe" POLICE OFFICERS in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

134. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

135. Plaintiff SIMEON VINCENT was taken into Police custody and detained against his will overnight.

136. Plaintiff SIMEON VINCENT was taken into Police custody and detained against his will overnight, while being denied medical treatment for serious injuries.

137. That the actions of Defendant "John Doe" POLICE OFFICERS heretofore described, constituted unlawful detention, imprisonment, assault and battery and were designed to and did cause specific bodily harm, pain and suffering both in violation of Plaintiff SIMEON VINCENT'S Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for Plaintiff SIMEON VINCENT'S exercise of his civil and constitutional rights of free, free expressive association as guaranteed by the Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

138. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals.

139. The particular arrest of Plaintiff SIMEON VINCENT is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals, because the Defendant "John Does" POLICE OFFICERS informed Plaintiff SIMEON VINCENT that he was being arrested after it was already established that Plaintiff SIMEON VINCENT was not carrying any weapons or illegal substances, and did not have any outstanding warrants against him.

140. The Defendant "John Doe" POLICE OFFICERS, through their actions, carried out a discriminatory application of such laws, driven by a discriminatory motivation of what might otherwise be facially neutral statutes due to a perceived ease of prosecution.

141. As a result of the aforementioned conduct, the Defendants "John Doe" POLICE OFFICERS have violated Plaintiff SIMEON VINCENT'S constitutional rights to equal protection, and Plaintiff SIMEON VINCENT is entitled to seek redress under 42 U.S.C. §1983, and is further entitled to injunctive relief to the extent necessary to prevent further disparate treatment and retaliation.

142. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff SIMEON VINCENT as alleged herein.

143. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff SIMEON VINCENT as alleged herein.

144. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff SIMEON VINCENT was subjected to excessive force, false arrest, and excessive and unnecessary detention.

145. As a result of the foregoing, Plaintiff SIMEON VINCENT was caused to suffer personal injuries, violations of his civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to his reputation and standing within his community.

146. As a result of the foregoing, Plaintiff SIMEON VINCENT demands judgment against Defendants in a sum of money to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION UNDER 42 U.S.C. § 1983

147. Plaintiff SIMEON VINCENT repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

148. At or around the time that Plaintiff came into contact with the Defendant Police Officers, Plaintiff SIMEON VINCENT engaged in protected speech or conduct, including but not limited to verbally asserting his right to smoke a cigarette in his yard.

149. Defendant POLICE OFFICERS took adverse action against Plaintiff SIMEON VINCENT.

150. Defendant POLICE OFFICERS took adverse actions against Plaintiff SIMEON VINCENT by using wrongful and unjustified force upon Plaintiff.

151. Defendant POLICE OFFICERS took adverse action against Plaintiff SIMEON VINCENT by unlawfully arresting him without probable cause.

152. Defendant POLICE OFFICERS took adverse action against Plaintiff SIMEON VINCENT by falsely accusing him of crimes and violations.

153. Defendant POLICE OFFICERS took adverse action against Plaintiff SIMEON VINCENT by taking Plaintiff into Police custody and detaining him against his will.

154. Upon information and belief, there was a causal connection between the protected speech and conduct engaged in by Plaintiff SIMEON VINCENT and the adverse actions taken by the Defendant Police Officers.

155. The causal connection between the protected speech and conduct engaged in by Plaintiff SIMEON VINCENT and the adverse actions taken against Plaintiff by Defendant POLICE OFFICERS was demonstrated by, among other things, the fact that the Defendant Police Officers used excessive force against Plaintiff SIMEON VINCENT in the absence of justification.

156. The causal connection between the protected speech and conduct engaged in by Plaintiff SIMEON VINCENT and the adverse actions taken against Plaintiff by Defendant Police Officers was demonstrated by, among other things, the absence of probable cause justifying Plaintiff SIMEON VINCENT' arrest.

157. The Plaintiff was falsely accused of crimes and violations and was taken into Police custody and detained against his will.

158. Following his arrest, Plaintiff SIMEON VINCENT was subject to prosecution.

159. The above-described charges were a pretext intended to justify the Plaintiff's illegal arrest and the illegal use of force against Plaintiff.

160. The actions of the Defendant POLICE OFFICERS heretofore described, constituted unlawful detention, imprisonment, assault and battery and were designed to and did cause bodily harm, pain and suffering both in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

161. That the conduct and actions of Defendants POLICE OFFICERS acting under color of State law, in assaulting, detaining and imprisoning the Plaintiff were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification, and were designed to and did cause bodily harm, pain and suffering both in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of his civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

162. The Defendant POLICE OFFICERS deprived the Plaintiff of his liberty in violation of both his civil and constitutional rights, as guaranteed under 42 U.S.C. §1983 and set forth in the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiffs' exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

163. Defendants' actions were undertaken under color of law and would not have existed but for Defendants using their official power.

164. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, legal expenses and damage to his reputation and standing within his community.

165. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

166. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff SIMEON VINCENT.

167. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff SIMEON VINCENT's constitutional rights.

168. All of the foregoing acts by Defendants deprived Plaintiff SIMEON VINCENT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To free expression; and

    D. To receive equal protection under the law.

169.    As a result of the foregoing, Plaintiff SIMEON VINCENT is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

I. Invoke pendent party and pendent claim jurisdiction.

II. Award appropriate compensatory and punitive damages.

III. Award appropriate declaratory and injunctive relief.

IV. Empanel a jury.

V. Award attorney's fees and costs.

VI. Award such other and further relief as the Court deems to be in the interest of justice.

DATED:  New York, New York
        July 10, 2012

Respectfully submitted,

SAMUEL B. COHEN [SC 0622]
STECKLOW COHEN & THOMPSON
10 SPRING ST, SUITE 1
NEW YORK, NY 10012
[212] 566-8000
[212] 202-4952/FAX
ATTORNEYS FOR PLAINTIFF